**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 5, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20571
Summary Calendar
_____

PATRICIA STANTON, Individually and as representative
of the Estate of Scott Allen Mitchell, deceased,

                              Plaintiff-Appellant,

versus

HARRIS COUNTY; HARRIS COUNTY SHERIFF'S DEPARTMENT;
MARK HOKETT, Acting individually and in his official capacity;
SHIRLEY VOISIN, Individually and in her official capacity

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-3756
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Patricia Stanton filed a 42 U.S.C. § 1983 suit against
Harris County, the Harris County Sheriff's Department, Deputy
Mark Hokett and Deputy Shirley Voisin, seeking damages arising
out of the suicide of Ms. Stanton's son, Scott Mitchell, while he
was being held in the Clear Lake Jail in Harris County, Texas.
The district court granted summary judgment in favor of the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants, dismissing Ms. Stanton's claims.  Ms. Stanton now appeals.

We review the district court's decision to grant summary judgment <u>de</u> <u>novo</u>, drawing all inferences in favor of the nonmoving party.  <u>Fraire v. Arlington</u>, 957 F.2d 1268, 1273 (5th Cir. 1992).  In order to prevail on a § 1983 claim based on the alleged failure of law enforcement officials to prevent the suicide of a pretrial detainee, the plaintiff must demonstrate that the officials acted with deliberate indifference to the detainee's needs.  <u>Flores v. County of Hardeman</u>, 124 F.3d 736, 738 (5th Cir. 1997).  Viewing the evidence in the light most favorable to Ms. Stanton, we conclude that the actions of Deputies Hokett and Voisin did not rise to the level of deliberate indifference.  It follows that Harris County cannot be liable.  <u>See</u> <u>id.</u>

Accordingly, the judgment of the district court is AFFIRMED.